IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL 36602

2001 MAY 17 P 1: 49

FILED
CLERK'S OFFICE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| vs. | CIVIL ACTION # 01-0358-MJ-N |
| BENDER SHIPBUILDING & REPAIR CO., INC., | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Bobby C. Tate. The Defendant discriminated against Bobby Tate by refusing to hire him because of his disability, deafness.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Bender Shipbuilding & Repair Company, Inc. (hereafter "Employer" or "Bender") has continuously been doing business in the State of Alabama and the City of Mobile, and has continuously had at least fifteen (15) employees.

5. At all relevant times, the Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(g) and (h).

6. At all relevant times, Defendant Bender has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS: ADA FAILURE TO HIRE

7. More than thirty (30) days prior to the institution of this lawsuit, Bobby C. Tate filed a Charge of Discrimination with the Commission alleging violations of Title I of the ADA by the Defendant Bender. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least, October 21, 1998, the Defendant has engaged in unlawful employment practices at its Mobile, Alabama facility in violation of § 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). These practices include failing to hire Bobby C. Tate because he is substantially limited in hearing and maintaining a job qualification standard, test, or screening criteria for the position of welder that screens out or tend to screen out qualified individuals with disabilities which standard, test or criteria are not job related or consistent with business necessity. Said practices exclude from employment with Defendant Bender all qualified individuals who are substantially limited in the major life activity of hearing.

9 Bobby C. Tate is deaf and, due to his deafness, is substantially limited in the major life activity of hearing.

10. On or around October 21, 1998, Mr. Tate applied for a job as a welder with the Defendant Bender.

11. Defendant Bender refused to permit Mr. Tate to take the hand-on welding test.

12. Defendant Bender told Mr. Tate that he would not be hired as a welder because he was deaf.

13. Bobby Tate successfully had worked as a welder on and off for approximately eight (8) years at the time that he applied for employment with the Defendant Bender.

14. At all times relevant to the events alleged in this Complaint, Mr. Tate was a qualified individual with a disability (deafness) who, with or without a reasonable accommodation, could perform the essential functions of the job of welder for Defendant Bender.

15. By refusing to allow Mr. Tate to take the welding test, Defendant Bender denied to him the opportunity to demonstrate his qualifications for the position of welder.

16. Defendant Bender deprived Bobby C. Tate of his federally protected right to equal employment opportunities and otherwise adversely effected his employment status because he is deaf in violation of 42 U.S.C. §12112(a) and §12112(b).

17. Defendant Bender's unlawful employment practices complained of above were intentional within the meaning of the ADA.

18. Defendant Bender has at all relevant times been acting with malice or reckless indifference to the federally protected rights of Bobby C. Tate.

### PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability in its hiring decisions and any other employment practice which discriminates on the basis of disability.

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all its employees regardless of their disabilities.

C. Order the Defendant to make whole Bobby C. Tate by providing, where appropriate, back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order the Defendant to make whole Bobby Tate by providing him with compensation for past and future pecuniary losses, including medical expenses and job search expenses.

E. Order the Defendant to make whole Bobby Tate by providing compensation for non-pecuniary losses, including pain and suffering, emotional distress, humiliation, isolation, depression, loss of credit and loss of enjoyment of life in amounts to be proved at trial.

F. Order the Defendant to pay Bobby Tate punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint under the ADA.

Respectfully submitted,

Gwendolyn Young Ream

Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, DC  20507

*[signature]*
CHARLES E. GUERRIER
Regional Attorney

*[signature]*
JILL L. VINCENT
Supervisory Trial Attorney

*[signature]*
PAMELA K. AGEE
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Birmingham District Office
Ridge Park Place
1130 2nd Street, South, Suite 2000
Birmingham, AL  35203-2397
Telephone:  (205) 731-1299