IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED NOV 26 '02 AM 9:07 USDCALS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ] |
| Plaintiff, | ] Civil Action No. 01-0358-P-S |
| vs. | ] |
| BENDER SHIPBUILDING & REPAIR CO, INC. | ] |
| Defendant. | ] |

## ORDER OF DISMISSAL

The Court hereby Orders this Cause be dismissed with prejudice. This Order of Dismissal is entered pursuant to Fed. R. Civ. P. 41(a)(2). The Court has examined the Settlement Agreement between the EEOC and Bender and approves its terms and conditions and directs that the Settlement Agreement be effectuated in accordance with its terms.

Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement Agreement; (b) each and every act agreed to be performed by the parties in the Settlement Agreement. *See, Kokkonen v. Guardian Life Insurance Co., Of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994); *In re T2 Medical, Inc. Shareholder Litigation, et. al. v. Allegra, T2 Medical, Inc., et. al.* 130 F.3d 990 (11th Cir. 1997).

The Court will retain such jurisdiction for two years from the entry of this Order.

So ordered: November 25, 2002

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ]<br>]  FILED NOV 19 '02 PM 2:16 USDCALS<br>] |
| Plaintiff, | ] Civil Action No. 01-0358-P-S |
| vs. | ]<br>]<br>]<br>] |
| BENDER SHIPBUILDING & REPAIR CO, INC. | ]<br>] |
| Defendant. | ]<br>] |

## SETTLEMENT AGREEMENT

On May 17, 2001, the Equal Employment Opportunity Commission ("EEOC") filed suit against Bender Shipbuilding and Repair Co., Inc. ("Bender"). The EEOC's Complaint alleged that Bender had discriminated against Bobbie C. Tate in violation of §102(a) of Title I of the ADA, 42 U.S.C. §12112(a) (the "ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a ("CRA of 1991"), by refusing to hire him because of his disability, deafness, and by maintaining a job qualification standard, test or screening criteria for the position of welder which screens out qualified individuals with disabilities and which is not job related nor consistent with business necessity. Title I of the Americans With Disabilities Act, 42 U.S.C. §12101 et. sec. guarantees workers that they will be free from employment discrimination on the basis of disability. Title I of the Americans with Disabilities Act, 42 U.S.C. §1981a, provides for compensatory and punitive damages in certain actions brought under the ADA.

Bender has admitted that it maintains a practice or policy of refusing to hire as welders individuals who are substantially limited in the major life activity of hearing, but contends that this practice or policy is not a violation of the ADA.

The parties have conferred and they desire to resolve the instant controversy without the burden, expense and delay of further litigation.

Therefore, in consideration of the mutual promises herein, it is further agreed as follows:

A.   This Settlement Agreement resolves the factual claims asserted by the EEOC which form the basis for Civil Action No: 01-0358-P-S pending in the United States District Court for the Southern District of Alabama, Southern Division. The issues resolved by this Settlement Agreement are only those which were alleged in the Charge of Discrimination filed by Mr. Tate (EEOC Charge Number 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) and subsequently asserted in the Complaint filed by the EEOC in the above styled lawsuit. The relief resolved by this Settlement Agreement includes all claims made in this lawsuit, including but not limited to, claims for damages, back pay, front pay, employee benefits, injunctive relief, declaratory relief, attorney's fees and costs arising out of this lawsuit.

B.   This is a voluntary settlement and is not an admission by anyone of liability or violation of any law, including the Americans with Disabilities Act, and Bender expressly denies any violation. Nothing in this Settlement Agreement shall affect any other pending litigation or investigation between the parties unless expressly noted herein. Nothing in this Settlement Agreement shall preclude any party from bringing an action to enforce the terms of this Settlement Agreement; nor shall this Settlement Agreement preclude any further

2

action by the EEOC or any other person to remedy any other violations of the ADA by the Defendant.

    C.    The parties agree that the Court shall retain jurisdiction to enforce this Agreement by appropriate order.

    D.    Bender shall eliminate its policy or practice of not hiring as welders individuals who are substantially limited in the major life activity of hearing.

    E.    Bender will adopt a procedure for evaluating whether or not individuals with a substantial hearing loss who apply for the position of welder are qualified to perform the essential functions of that job. That procedure shall be consistent with the requirements of the ADA (both as set forth specifically in the statute and as interpreted by the courts) and with EEOC regulations issued pursuant to its authority under the ADA. Bender shall be responsible for providing a qualified interpreter, aide or assistant to facilitate communications during each stage of this process.

At a minimum, the procedure shall include the following:

    (1)    **EQUAL OPPORTUNITY DURING THE APPLICATION PROCESS.**

All applicants for welder positions will be required to complete the same application form. This form shall include a section where an individual with a hearing impairment can request, if he/she chooses, a reasonable accommodation for assistance in completion of the application process. Reasonable accommodation at this stage of the application process means modifications or adjustments to the job application process that enable a qualified individual with a disability to be considered for the position such qualified applicant desires without regard to that individual's impairment. Reasonable accommodation

3

includes, but is not limited to, the provision of qualified interpreters or other assistance, as necessary.

Bender shall submit its application and any related explanatory documents to the EEOC for its review prior to the adoption of these forms or documents. The EEOC shall be given ten (10) work days in which to review these forms or documents, at which time the EEOC shall make any suggestions that it deems appropriate. If the EEOC suggests any alterations in the forms or documents the parties shall confer. Bender is free to decide whether or not it will make any suggested changes. Neither the silence or the submission of comments by the EEOC shall be used as evidence of approval or disapproval by the EEOC in any subsequent proceedings in which said application process is at issue.

(2) **EQUAL OPPORTUNITY IN THE TESTING PROCESS.**

All applicants for welding positions will be administered the same tests, questionnaires or other screening devices. Bender shall use only standards, criteria, or methods of administration of such tests, questionnaires, or other screening devices which are job related and consistent with business necessity, and that do not have the effect of excluding individuals from employment on the basis of hearing impairment. If the tests, questionnaires, or other screening devices, are administered in a manner which requires the ability to hear, Bender shall provide an appropriate, reasonable accommodation for those applicants who are substantially limited in the major life activity of hearing. Reasonable accommodation at this stage of the application process means modifications or adjustments to the job application process that enable a qualified individual with a disability to be considered for the position such qualified applicant desires without regard to that individual's impairment. Reasonable accommodation may include, but is not limited to, the adjustment

4

or modification of examinations, training materials or methods, policies, the provision of qualified interpreters and/or other assistance as needed.

Bender will not discriminate against any applicant with a hearing impairment in regards to application of its tests, questionnaires, or other screening devices, including any additional opportunities to qualify at a later date.

The ability to hear shall not be considered by Bender when deciding whether of not to extend a conditional offer of employment to any individual applicant.

(3)    **POST-OFFER EXAMINATIONS**

Bender may condition an offer of employment on the results of a medical examination provided such examination is conducted consistent with the requirements of Title 42 U.S.C. § 12112(d)(3) and (4). During this post-offer period Bender may make such inquiries as are allowed by law and are necessary to determine whether or not the conditional employee, with or without accommodation, is qualified to perform the essential functions of the job sought. If, as a result of this medical examination, Bender concludes that any hearing impaired individual might present a direct threat of harm to himself or others, Bender shall follow the procedure set forth below, paragraphs (4)(a), (b), (c), (d), (e) and (f), for assessing the existence of the direct threat defense. Should Bender conclude, after following said procedure, that the conditional employee presents a direct threat to the health or safety of himself or others in the workplace, it may, at that time, withdraw its conditional offer of employment, provided, however, that this procedure shall not be a bar to the ability of any unsuccessful applicant or candidate to challenge Bender's actions as unlawful under the Americans With Disabilities Act or any other applicable law or statute.

5

(4)     **EQUAL OPPORTUNITY IN EMPLOYMENT.**

So as to insure equal opportunity in employment, Bender shall provide, as necessary, an effective means of communication among each substantially hearing impaired welder and other employees, supervisors and managers. Bender will also provide qualified interpreters, aides or assistants, as needed, whenever employee meetings are scheduled, such as meetings where benefits are discussed.

Should Bender conclude that any particular assignment of a hearing impaired welder presents a direct threat of harm to the welder or others, the following procedure shall be followed:

(a)     Bender shall notify the affected welder of the specific risk posed by the welder.

(b)     Bender shall explain to the affected welder the nature and the severity of the potential harm, the likelihood that such harm will occur, the imminence of the potential harm, and the duration of the risk presented by the particular assignment at issue. The determination by Bender that the risk factors exist must be based on objective, factual evidence and not on subjective perceptions, irrational fears, patronizing attitudes or stereotypes about the nature or effect of a hearing impairment. This objective, factual evidence shall be shared with the affected welder.

(c)     Bender shall then perform an individualized assessment of the affected welder to determine whether or not that particular welder is presently able to safely perform the essential functions of that particular assignment. As part of this assessment, Bender and the affected welder shall discuss whether the potential harm can be reduced or eliminated by

reasonable accommodation. Reasonable accommodation at this stage includes, but is not limited to, the transfer or re-assignment of the affected welder to an alternative work station.

        (d)     Each of the above steps outlined above shall be memorialized in writing and signed by both the affected welder and a representative of Bender.

        (e)     This procedure shall be modified, as necessary, to comply with the requirements of the law.

        (f)     This procedure shall not be a bar to the ability of any employee to challenge Bender's actions as unlawful under the Americans with Disabilities Act or any other applicable law or statute.

        F.     Bender will immediately post the Notice attached hereto as Exhibit "A" in a prominent and conspicuous place, visible to all employees, at its Mobile, Alabama facility for a period of two years.

        G.     Bender will submit annual reports to the EEOC for a period of two years following the execution of this Settlement Agreement. The first report shall be due twelve months after the execution of this Settlement Agreement. Each report shall include copies of all documents related to the application and employment decisions made pursuant to Paragraph E above. Bender shall also identify in each report the name of each hearing impaired welder who applied for employment during the previous six months and the results of that person's application. If a job offer was not extended to the hearing impaired applicant or a conditional offer was withdrawn, Bender shall provide an explanation as to why that person was not hired.

7

Each report shall be mailed to the attention of Pamela K. Agee, Equal Employment Opportunity Commission, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 within ten (10) work days after the end of the reporting period.

Upon the receipt of each of these reports, the EEOC shall have 30 calendar days in which to analyze and, if necessary, investigate the employment decisions described therein. Said analysis may require the EEOC to inspect additional documents and Bender will cooperate with the EEOC in its request for such information. If, before the end of the 30 day analysis period, the EEOC has any reservations about Bender's compliance with this Decree, it shall notify Bender in writing and specify the nature of its concern. The parties thereafter shall have a period of 30 days to attempt to resolve the dispute concerning compliance. If the parties are unable to resolve their dispute, either party may submit the dispute to this Court pursuant to Paragraph C above, for resolution.

H.   Within six months of the execution of this Settlement Agreement, Bender shall train all individuals who are involved in the hiring, supervision, and management of welders. The trainees will be instructed regarding the requirements of the Americans with Disabilities Act, including the hiring of disabled persons, providing appropriate accommodations, and determining essential functions. The training shall also instruct the trainees in the concept of direct threat as applied to the ADA. The instruction shall cover what constitutes a direct threat, what steps must be taken to establish that an individual constitutes a direct threat, the steps which must be taken to reduce the presence of such a threat, and what actions are appropriate if a person is determined to be a direct threat. Particular attention shall be paid to the pre-employment consideration and post-employment rights of individuals with hearing impairments.

Bender shall submit training materials to the EEOC for review thirty (30) calendar days before the scheduled training. The EEOC shall have five (5) work days in which to comment on the materials and, if necessary, suggest modifications, additions, or deletions. Bender shall require all individuals who attend this training to sign an attendance sheet. Copies of such sheets shall be included in the periodic reports submitted to the EEOC.

I.    In exchange for a full release signed by Bobbie C. Tate of any and all claims asserted in EEOC Charge No. 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 and in this lawsuit, Bender will pay the Charging Party, Bobbie C. Tate, $10,000.00. Payment of this amount is to be made by check, payable to Bobbie C. Tate, and forwarded to him by certified mail within ten (10) work days of the receipt by Bender of the signed Release. A copy of the check evidencing payment to Mr. Tate will be mailed to Pamela K. Agee, Senior Trial Attorney, EEOC, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205, on the same day that said check is mailed to Mr. Tate.

J.    Bender shall not retaliate in any manner against Bobbie C. Tate or any person who participated in this lawsuit or in the investigation of EEOC Charge No. 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.

K.    If the terms and conditions of this Decree are violated or breached, the parties may petition the Court for further Orders, adjudication and relief in this matter.

L.    Each Party shall bear its own costs and attorney fees.

AGREED TO THIS __19__ day of __November__, 2002.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BENDER SHIPBUILDING & REPAIR CO., INC. |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Nicholas Inzeo
Acting Deputy General Counsel
Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

*[signature]*
CHARLES E. GUERRIER
Regional Attorney

*[signature]*
PAMELA K. AGEE
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
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, 1130 22nd Street, S
Birmingham, AL 35205
Telephone: (205) 731-1299

BENDER SHIPBUILDING & REPAIR CO., INC.

*[signature]*
WILLIAM C. TIDWELL, III
HAND ARENDALL L.L.C.
107 St Francis Street, Suite 2600
Post Office Box 123
Mobile, AL 36601
Telephone (251) 432-5511

10

# RELEASE

I, Bobbie C. Tate, for and in consideration of both the entry of the Settlement Agreement in the case of <u>EEOC v. Bender Shipbuilding & Repair Co., Inc.</u>, Civil Action No. 01-0358-P-S (S. D. Alabama) and the payment by Bender Shipbuilding to me of the gross sum of $10,000.00 compensatory damages, agree to the following:

I, Bobbie C. Tate, hereby release and forever discharge Bender Shipbuilding, its agents, directors, officer, and successors, from any and all Americans With Disabilities claims asserted by me in EEOC Charge Number 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, or on my behalf, by the Equal Employment Opportunity Commission in Civil Action 01-0358-P-S (S.D. Alabama).

I understand that Bender Shipbuilding has not admitted liability to me or to anyone else by the entry of the Consent Decree or the payment recited herein.

This document and the Settlement Agreement reached in this lawsuit recite the full and complete terms of this agreed Release given by myself, Bobbie C. Tate, to Bender Shipbuilding.

_____
**BOBBIE C. TATE**

Sworn and subscribed before me this _____ day of _____, 2002.

_____
NOTARY PUBLIC

11

# NOTICE

## AS REQUIRED UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

On May 17, 2001, the Equal Employment Opportunity Commission ("EEOC") filed suit in the United States District Court for the Southern District of Alabama against Bender Shipbuilding and Repair Co., Inc. ("Bender"). The EEOC's Complaint alleged that Bender had discriminated against Bobbie C. Tate, a deaf applicant for a welder position, in violation of the Americans With Disabilities Act ("ADA"), by refusing to hire him because of his disability, deafness, and by maintaining a job qualification standard, test or screening criteria for the position of welder which screens out qualified individuals with disabilities and which is not job related nor consistent with business necessity. Bender admitted that it maintained a practice or policy of refusing to hire as welders individuals who are deaf, but contended that this practice or policy was not a violation of the ADA.

The parties have resolved this controversy through the execution of a Settlement Agreement. Pursuant to the terms of this Settlement Agreement, Bender has agreed to abolish its policy of refusing to employ deaf individuals as welders. In its place Bender has adopted a new policy by which individuals who are substantially limited in the major life activity of hearing will be accorded full consideration for employment as welders and, when appropriate, Bender will determine whether, with or without reasonable accommodation, the applicant is qualified to perform the essential functions of a welder without constituting a direct threat to the health and safety of himself or others in the work place. This new policy includes the provision of reasonable accommodations to those individuals who need assistance in the performance of their jobs as welders. The EEOC and Bender have also agreed to a procedure which is to be followed on those few occasions when the inability to hear presents a significant risk of substantial harm to the welder or others.

Bender Shipbuilding & Repair Co., Inc. recognizes that Federal law requires that there be no discrimination against any employee or applicant for employment, because of such person's disability. Bender supports and will comply with such federal laws in all respects and will not discriminate against any employee because of the person's disability. Further, Bender agrees not to retaliate in any manner against any individual who opposes or assists one in opposing disability discrimination in hiring, job assignment and layoff.

**EXHIBIT A**